# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**BOBBY R. WYLES JR.,**                                                                  **PLAINTIFF**
**ADC #149401**

v.                            **Case No. 2:20-cv-61-KGB-BD**

**TIFFANY M. MUNN,** *et al.*                                            **DEFENDANTS**

## ORDER

Before the Court is a partial recommended disposition submitted by United States Magistrate Judge Beth Deere on May 12, 2020 (Dkt. No. 15). Plaintiff Bobby R. Wyles, Jr., and defendants Tiffany Munn, Franklin Graham, Morieon Kelly, Roosevelt Barden, James Dycus, Jeremy Andrew, and Emmer Branch filed objections (Dkt. Nos. 26, 27). Also before the Court is a partial recommended disposition entered by Judge Deere on July 24, 2020 (Dkt. No. 28). Defendants John Munn and David Knott filed objections (Dkt. No. 29), as did Mr. Wyles (Dkt. No. 31). After careful consideration of the partial recommended dispositions, all objections, and a *de novo* review of the record, the Court adopts in part and declines to adopt in part the partial recommended dispositions (Dkt. Nos. 15, 28).

The Court adopts Judge Deere's recommendations that Mr. Wyles's official-capacity claims for money damages be dismissed and that his official-capacity claims for injunctive relief be dismissed as moot as to defendants Ms. Munn, Mr. Graham, Mr. Kelly, Mr. Barden, Mr. Dycus, Mr. Andrew, Mr. Branch, Mr. Munn, and Mr. Knott (collectively "ADC Defendants") (Dkt. Nos. 15, at 4; 28, at 4). Mr. Wyles does not raise any new arguments in his objections (Dkt. Nos. 26, 31), and the Court agrees with Judge Deere's analysis that civil litigants cannot recover damages from state actors in their official capacities and that the claims for injunctive relief are moot, as Mr. Wyles is no longer incarcerated at the East Arkansas Regional Unit (Dkt. No. 15, at 3).

The Court declines to adopt Judge Deere's recommendations with respect to Mr. Wyles's individual-capacity claims against ADC Defendants.  In their objections, ADC Defendants claim that the Court erred in refusing to grant the motion to dismiss Mr. Wyles's claim of deliberate indifference (Dkt. Nos. 27, at 2; 29, at 2).  ADC Defendants object to the ruling that there was a sufficient factual basis for the claim, specifically arguing that there was no substantial risk of harm or deliberate indifference to that harm (Dkt. Nos. 27, at 5-9; 29, at 5-9).  ADC Defendants also argue that they are entitled to qualified immunity because there is no clearly established law that would put them on notice that the conduct alleged in the complaint violates the Constitution (Dkt. Nos. 27, at 10-12; 29, at 10-12).  ADC Defendants informed the Court of supplemental authority (Dkt. No. 30).

Although ADC Defendants do not use the phrase in their motions to dismiss, their arguments in support of Federal Rule of Civil Procedure 12(b)(6) dismissal implicate the doctrine of qualified immunity.  ADC Defendants seek dismissal of Mr. Wyles's remaining Eighth Amendment claims against them in their individual capacities.  "Qualified immunity protects public officials from § 1983 damage actions if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Bradford v. Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  To determine whether a defendant is entitled to dismissal on the basis of qualified immunity, this Court is required to consider:  "(1) whether the official's conduct violated a constitutional right; and (2) whether the violated right was clearly established." *Manning v. Cotton*, 862 F.3d 663, 668 (8th Cir. 2017).  Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To prevail at this stage of the proceedings, defendants must be entitled to qualified immunity "on the face of the complaint." *Bradford*, 394 F.3d at 1015; *see also Carter v. Huterson*, 831 F.3d 1104, 1107 (8th Cir. 2016).

Soon after Judge Deere entered partial recommended disposition in this case, the Eighth Circuit decided *Vandevender v. Sass*, 970 F.3d 972 (8th Cir. 2020). The Eighth Circuit held that a plaintiff who, while an inmate, was assaulted by another inmate with an unsecured wooden board failed to allege deliberate indifference under the Eighth Amendment because the complaint failed plausibly to allege that the way the correctional facility stored wooden construction materials created a pervasive risk of harm from inmate assaults. 970 F.3d at 977-78. This Court finds that *Vandevender* controls this case, based on the similarity of allegations made by plaintiffs in each case in their operative complaints, and requires dismissal of Mr. Wyles's deliberate indifference claims as alleged.

Accordingly, the Court grants ADC Defendants' motions to dismiss (Dkt. Nos. 6, 22). The Court dismisses with prejudice Mr. Wyles's official-capacity claims for money damages and dismisses as moot Mr. Wyles's official-capacity claims for injunctive relief against ADC Defendants. The Court dismisses Mr. Wyles's individual-capacity claims against ADC Defendants. Mr. Wyles' claims against separate defendant Korenzo Burnett remain pending.

It is so ordered this 9th day of February, 2021.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge

3