IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**BOBBY R. WYLES, JR.**                                                                                   **PLAINTIFF**
**ADC #149401**

V.                          NO. 2:20-cv-00061-KGB-ERE

**TIFFANY M. MUNN,** *et al.*                                                                         **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections**

This Recommendation has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.    Background**

On March 20, 2020, Plaintiff Bobby R. Wyles, Jr., an inmate at the Tucker Unit of the Arkansas Division of Correction (ADC), filed this case *pro se* under 42 U.S.C. § 1983. *Doc. 2.* The events giving rise to Mr. Wyles' claims occurred while

he was confined at the ADC's East Arkansas Regional Unit (EARU). While he originally named several EARU officers as defendants, only one defendant, Korenzo Burnett, remains. For the reasons explained more particularly below, the Court, on its own motion, recommends that Mr. Wyles' remaining claim against Mr. Burnett also be dismissed and the case terminated.

Mr. Wyles alleges that, on March 11, 2019, he was in the EARU gym when he got into a physical altercation with two other inmates. One of the inmates struck Mr. Wyles in the face and head with a 15-pound kettlebell. *Doc. 2 at 5*. Mr. Wyles claims that he was "put in a coma for 16 day[s] due to [defendants'] deliberate indifference [and] now suffer[s] from memory loss as well as mental health issues." *Id*. Mr. Wyles' only specific allegation of wrongdoing on the part of the defendants is that they failed to follow an ADC policy that required removal of free weights from the gym. *Id.*

Previously, defendants Tiffany Munn, Franklin Graham, John Munn, Morien Kelly, Roosevelt Barden, David Knott, James Dycus, Jeremy Andrews, and Emmer Branch (collectively, "ADC Defendants") moved to dismiss the claims against them, arguing that Mr. Wyles failed to state a plausible claim for relief (*Docs. 6, 22*).

Magistrate Judge Beth Deere entered partial recommended dispositions (*Docs. 15, 28*), recommending that the Court dismiss Mr. Wyles' official-capacity

claims against the ADC Defendants, but permit him to proceed with his individual-capacity claims. District Judge Baker adopted the recommendation to dismiss official-capacity claims, but she found that the Eighth Circuit's decision in *Vandevender v. Sass*, 970 F.3d 972 (8th Cir. 2020), issued after Judge Deere entered her partial recommendations, also required dismissal of Mr. Wyles' individual-capacity claims against the ADC Defendants. *Doc. 31*. Thus, Mr. Wyles' claims against all of the ADC Defendants have been dismissed and the ADC Defendants have been terminated as party defendants.

Because Mr. Burnett, who is proceeding *pro se*, did not join in the ADC Defendants' motion to dismiss,[1] Mr. Wyles' claim against Mr. Burnett was not dismissed. However, Judge Baker's reasoning in ruling to dismiss Mr. Wyles' claims against the ADC Defendants applies equally to the remaining claim against Mr. Burnett. Accordingly, the Court recommends that Mr. Wyles' claim against Mr. Burnett also be dismissed.

### III. Discussion

The Court has the authority to raise, on its own motion, the issue of whether Mr. Wyles' remaining claim against Mr. Burnett states a plausible claim for relief.

---

[1] Presumably, Mr. Burnett did not join in the ADC Defendants' motions to dismiss because he was no longer employed at the ADC. *Doc. 16*.

3

In fact, the Court is required to dismiss a prisoner complaint, in whole or in part, on its own motion, at any time it determines that the plaintiff fails to state a claim on which relief can be granted. See 42 U.S.C.A. § 1997e(c) ("The court shall on its own motion . . . dismiss any action brought with respect to prison conditions under section 1983 . . . by a prisoner . . . if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted . . . ."); see also 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring that the court "dismiss the case at any time" it determines that an *in forma pauperis* complaint fails to state a claim on which relief may be granted).

In addition, because the ADC Defendants raised a defense that is common to all the defendants named in this case, Mr. Burnett is entitled the benefit of the Court's favorable ruling. See *Angelo Iafrate Constr. LLC v. Potashnick Constr., Inc*. 370 F.3d 715, 722 (8th Cir. 2004) (explaining that "if an answering party asserts a defense on the merits that equally applies to the other defendant, the success of the defense operates as a discharge to all the defendants"); *Owens/Mitchell v. Burl,* No. 4:14-cv-00126 DPM (E.D. Ark. May 7, 2014) (unpublished opinion) (holding, in a prisoner § 1983 action, that the "non-moving Defendants" were also entitled to dismissal, based on a common defense raised by other defendants), *aff'd without comment*, 2014 WL 1820639 (8th Cir. Sept. 29, 2014) (unpublished decision).

Mr. Wyles' theory of deliberate indifference and wrongdoing is the same

against all defendants: failure to *prevent* his attack by removing free weights from the gym, which he contends was required by ADC policy. While Mr. Wyles alleges that Mr. Burnett, unlike the other defendants, was the sole officer on duty when the attack occurred, he does not allege that Mr. Burnett had an opportunity to remove free weights from the gym after the attack started.[2] Accordingly, Mr. Burnett's alleged presence somewhere in the gym adds no additional plausibility to Mr. Wyles' claim that Mr. Burnett's failure to follow policy to prevent inmates from accessing free weights allowed the attack to occur.

Viewing Mr. Wyles' allegations most favorably to him, he was the victim of an unanticipated inmate attack. However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials . . . ." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994). Instead, a prison official violates the Eighth Amendment when he or she "acts with deliberate indifference to a substantial risk of harm to the prisoner." *Blades v. Schuetzle*, 302 F.3d 801, 803 (8th Cir. 2002) (quoting *Perkins v. Grimes,* 161 F.3d 1127, 1130 (8th Cir. 1998) (citing *Farmer,* 511 U.S. at 834, 114 S. Ct. 1970 (1994)). In cases involving inmate-on-inmate attacks, the deliberate-indifference standard

---

[2] Mr. Burnett, in his *pro se* answer, denies that he witnessed the attack, or that he was even in the area, and requests dismissal of the claims against him. *Doc. 16 at 1*.

requires that prison officials "take reasonable measures to abate substantial risks of serious harm, *of which the officials are aware.*" *Blades,* 302 F.3d at 803 (quoting *Reece,* 60 F.3d at 491) (emphasis added).

As noted above, Judge Baker relied on *Vandevender v. Sass*, 970 F.3d 972 (8th Cir. 2020) to dismiss Mr. Wyles' claims against the ADC Defendants. In that case, Mr. Vandevender, a state prisoner, suffered permanent injuries from an assault by another inmate, who hit him in the head with a four-by-four board. *Id.,* 970 F.3d at 976. Strikingly similar to this case, Mr. Vandevender sued correctional officers under § 1983, claiming that they demonstrated deliberate indifference by "allowing inmates unsupervised access to wooden boards that could be used as weapons and were stored in open, unsecured shelves . . . contrary to . . . 'pertinent tool control directives and policies.'" *Id*.

The district court in *Vandevender* granted the officers' motion to dismiss, finding that Mr. Vandevender failed to allege facts demonstrating the deprivation of a constitutional right, which entitled the officers to qualified immunity. *Id.,* 970 F.3d at 974-975. Mr. Vandevender appealed,[3] and the Eighth Circuit affirmed, holding

---

[3] On appeal, Mr. Vandevender argued that the district court erred in dismissing the case because "qualified immunity is an affirmative defense that is fact-dependent and typically requires discovery." *Vandevender*, 970 F.3d at 975. The Eighth Circuit disagreed:
> Numerous Eighth Circuit cases have held that defendants are entitled to dismissal under Rule 12(b)(6) if they show "they are entitled to qualified immunity on the face of the complaint." To survive a motion to dismiss for

that he failed to plausibly allege the existence of an objectively substantial risk of serious harm, which is essential to a claim of deliberate indifference. *Vandevender,* 970 F.3d at 976 ("If Vandevender failed to plausibly allege a substantial risk of serious harm, as we conclude, then the Amended Complaint fails to state a claim.").

Mr. Wyles' complaint, similar to the pleading in *Vandevender*, lacks any factual allegations suggesting that his assault "was anything other than a single isolated incident." *Vandevender,* 970 F.3d at 977. Accordingly, Judge Baker dismissed Mr. Wyles' individual-capacity claims against the ADC Defendants.

Because Judge Baker's reasoning in dismissing the ADC Defendants applies equally to the remaining claim against Mr. Burnett, this claim should also be dismissed, and Mr. Burnett terminated as a party defendant.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED, on the Court's own motion, that Plaintiff Bobby Wyles' remaining claim against Defendant Korenzo Burnett be

---

failure to state a claim, Vandevender's Amended Complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quotation omitted), a case in which the Supreme Court reversed the denial of a Rule 12(b)(6) motion based on qualified immunity. The district court applied that standard; we must affirm if it was correctly applied.

*Id. at 975* (citation omitted).

DISMISSED without prejudice for failure to state a plausible claim that Mr. Burnett violated his constitutional rights, and the case be closed.

Dated this 2nd day of September, 2021.

_____
UNITED STATES MAGISTRATE JUDGE